# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Emerson | |
| | |
| Plaintiff(s), | |
| | Case No. 15 c 3416 |
| v. | Judge Virginia M. Kendall |
| | |
| Fidelity Capital Holdings, Inc. | |
| | |
| Defendant(s). | |

## ORDER

Defendant's motion to dismiss [12] is denied.

## STATEMENT

Defendant Fidelity Capital Holdings, Inc. moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff Anne Emerson's one count Complaint for failure to state a claim upon which relief can be granted. The Complaint alleges that Fidelity violated Section 1692(e)(8) of the Fair Debt Collection Practices Act when it communicated information to a credit reporting agency regarding a debt that Emerson allegedly owed, but failed to communicate that the debt was disputed. Fidelity knew the debt was disputed, according to the Complaint, because Emerson had previously sent Fidelity a letter disputing the amount of the debt. Fidelity argues that Emerson's letter was insufficient to put it on notice of her dispute. For the reasons stated below, the motion to dismiss is denied.

The following allegations from the Complaint are taken as true for the purposes of this Rule 12(b)(6) motion to dismiss. *See Armstrong v. Daily*, 786 F.3d 529, 533 (7th Cir. 2015). At some point prior to February 2015, Emerson incurred a debt for medical services to Marina Del Rey Hospital. (Compl. ¶ 6). Emerson did not pay the debt. (*Id.* ¶ 7). Marina Del Rey Hospital retained Fidelity to collect the debt from Emerson. (*Id.* ¶ 8). Emerson secured counsel from the Debtors Legal Clinic to represent her with respect to the collection of the debt. Through counsel, Emerson sent a letter to Fidelity on February 17, 2015. (*Id.* ¶ 9). The letter itself is attached to the Complaint as Exhibit B. (Dkt. No. 1-1 p. 4). The letter stated, among other things, that "the amount reported is not accurate." (*Id.* ¶ 9; Dkt. No. 1-1 p. 4). The letter also stated that Emerson was not financially able to pay the debt at that time due to her insolvency. (*Id.*). Fidelity received the letter. (Compl. ¶ 10). On March 18, 2015 Fidelity communicated credit information regarding the debt to TransUnion, a credit reporting agency, but did not communicate that the debt was disputed. (*Id.* ¶¶ 11-13).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court "construe[s] all well-pleaded facts and draw[s] all inferences in the light most favorable to the nonmoving party." *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

The FDCPA prohibits, among other things, "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Section 1692e(8) "prohibits a debt collector who has received notice of a dispute from a consumer and who elects to communicate credit information about a consumer to a reporting agency from omitting its knowledge of the dispute." *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 914 (8th Cir. 2014) (internal quotation marks and citation omitted) (emphasis deleted). The right to dispute a debt under the FDCPA "means that the consumer can, without giving a reason, require that the debt collector verify the existence of the debt before making further efforts to collect it." *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) (citing *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 162 (2d Cir. 2001)).

Fidelity does not dispute that the Complaint sufficiently alleges that it received Emerson's letter and was aware of the letter's contents before it communicated Emerson's credit information to TransUnion. Instead, Fidelity argues that the letter it received was insufficient to put it on notice that Emerson disputed the debt, in other words that it did not know and should not have known that any information it communicated to TransUnion was false. The Court disagrees.

The Complaint sufficiently alleges that Fidelity knew or should have known that the debt was disputed. Emerson's statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. Fidelity is correct that Emerson's letter also acknowledges the existence of a debt, but there is no requirement that a consumer dispute the *entire* debt in order to enjoy FDCPA protection. The FDCPA assumes that consumers are unsophisticated and the statutory right to dispute a debt allows a consumer to clear up uncertainty surrounding debts that the consumer allegedly owes. "The consumer, for example, may not recognize the name of the creditor, may not know whether she incurred the debt, may have a question whether the debt (*or part of it*) has been paid, or *may be unsure of the amount*." *DeSantis*, 269 F.3d at 162 (emphasis added). Emerson had no duty to provide the grounds or nature of her dispute. *See DeKoven*, 599 F.3d at 582 ("a consumer can dispute a debt for no reason at all") (internal quotation marks omitted); *see also DeSantis*, 269 F.3d at 162 ("The consumer's right to take the position . . . that a debt is disputed does not depend on whether the consumer has a valid reason not to pay."). Viewed in the light most favorable to Emerson, the Complaint's allegation that Fidelity was aware of Emerson's statement that "the amount reported is not accurate" is sufficient to support the reasonable inference that Fidelity knew or should have known that Emerson's debt was disputed. The motion to dismiss is denied.

Date: 8/14/2015

Virginia M. Kendall
United States District Judge